**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN BURTON,

        Plaintiff - Appellant,

  v.

SPOKANE POLICE DEPARTMENT,
(SPD) Uniformed Public Safety Division;
et al.,

        Defendants - Appellees.

No. 09-35466

D.C. No. 2:06-cv-00322-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted May 12, 2010
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

John Burton appeals the district court's summary judgment in favor of

Detective Larry Bowman, the City of Spokane and the Spokane Police Department.

In his 42 U.S.C. § 1983 action, Burton alleged that Bowman and other officers

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violated his Fourth Amendment rights when strip searching him at a private residence and that the Spokane Police Department utilized an unconstitutional blanket policy allowing officers to conduct warrantless strip searches at the place of arrest. The parties are familiar with the facts. We do not repeat them. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I. Fourth Amendment

The district court correctly found that the individual officers were entitled to qualified immunity with respect to their decision to strip search Burton. Police officers are, in general, "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, there is no dispute that probable cause existed to arrest Burton and search the premises for crack cocaine. The resulting patdown and clothing search of Burton produced no drugs. For that reason and because Burton as well as other drug dealers in the area were known to hide drugs in body cavities, the officers had probable cause to proceed with a visual search of the external areas of Burton's buttocks to avoid loss of the suspected evidence. *See, e.g.*, *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1446, 1449 (9th Cir. 1991). The search must, of course, still be conducted in a reasonable manner. *Kennedy v. Los Angeles Police*

*Dep't*, 901 F.2d 702, 712 (9th Cir. 1989), *overruled on other grounds* by *Hunter v. Bryant,* 502 U.S. 224 (1991). *Kennedy* requires courts to balance the need for the particular search against the invasion of personal rights that the search entails, consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. These factors militate in favor of defendants here. Burton also contends that the brief presence of a female canine police officer during the search violated this standard. However, no clearly established law informed the officers that this would be the case. *See, e.g.*, *Grummett v. Rushen*, 779 F.2d 491, 496 (9th Cir. 1985) (holding that the occasional viewing of inmates by female prison guards was justified under the Fourth Amendment).

## II. Alleged Blanket Strip Search Policy

Burton argues that two other incidents in which the Spokane Police Department conducted strip searches of suspects without warrants specifically authorizing such searches constitute an official policy under which the City of Spokane and its police department may be held liable for the actions of its officers. However, for this argument to have merit, the custom or usage must be so "permanent and well settled" as to have the force of law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970). This was not the case here.

3

**AFFIRMED.**

*Burton v. Spokane Police Dept.*
No. 09-35466

Rymer, Circuit Judge, concurring.

I agree that this is a case in which we should first decide whether the right Burton asserts was clearly established at the time the officers conducted a visual body cavity search, *Pearson v. Callahan*, 129 S. Ct. 808, 813 (2009), and that the officers here could reasonably believe that their conduct complied with the law. I would affirm because the officers had a search warrant for the premises and Burton. They also knew he had engaged in two previous drug transactions; the officers had set up a controlled purchase through M.S.; it was "absolutely clear" to them that the only reason Burton arrived on schedule was to deliver the drugs; and they believed Burton had crack on him, but none turned up during a routine search of clothing, mouth, or hair. As the district court held, Washington law authorized the strip search given the warrant, and no federal law clearly holds to the contrary. *Cf. Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1450 (9th Cir. 1991) (suggesting a visual body cavity search may only be made pursuant to a warrant or exigent circumstances).

Nor would clearly established law have informed the officers that they conducted the search unconstitutionally. Assuming the facts as stated by Burton in both affidavits to be true, he nevertheless also accepted as true the officers'

statements of fact. Thus, among other things, the strip search was conducted in a private area of the house. It took a second or two. Even if one of the officers could have made the comments attributed to him in a second or two, at most the remarks would be unprofessional, but not unconstitutional under clearly established law. And even if a female officer were present, she didn't participate. In light of *Grummett v. Rushen*, 779 F.2d 491, 496 (9th Cir. 1985), and *Michenfelder v. Sumner*, 860 F.2d 328, 333-34 (9th Cir. 1988), the officers would not reasonably have known that the presence of a female officer who momentarily observed an unclad male was constitutionally forbidden.